IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COREY LEE HILL,<br>　　　Petitioner,<br>vs.<br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>　　　Respondent. | No. 3:07-CV-0194-G (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## BACKGROUND

### Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his conviction out of the Criminal District Court No. 1 of Dallas County, Texas. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

Respondent filed a Motion to Dismiss as Time-Barred or Alternatively for Failure to Exhaust State Remedies, together with relevant state court records, and Petitioner filed a reply.

### State Procedural History

Petitioner is in custody pursuant to a judgment and sentence out of the Criminal District Court No. 1 of Dallas County, Texas, in cause number F-0148683-PH. He was charged by indictment with aggravated assault with a deadly weapon, to-wit, his hand. On September 13,

2001, Petitioner entered a plea of not guilty and waived his right to a trial by jury. A non-jury trial was held and the trial court found Petitioner guilty. On September 14, 2001, Petitioner was permitted to change his plea of not guilty to a plea of *nolo contendere*, without an agreed recommendation as to punishment. The trial court held a punishment hearing, found the evidence sufficient to support a finding of guilt, deferred the finding of guilt, and placed Petitioner on deferred adjudication probation for five years. Petitioner was also assessed a fine of $1,000. A Deferred Adjudication Order was entered. Petitioner did not file an appeal.

The State filed a Motion to Proceed with an Adjudication of Guilt on May 8, 2003. A hearing was held on the motion on June 3, 2003, and Petitioner entered a plea of true. The Court continued Petitioner's deferred adjudication probation and amended the conditions of his probation.

On June 7, 2004, the State filed a second Motion to Proceed with an Adjudication of Guilt, and a hearing was held on August 11, 2004. Petitioner entered a plea of true. The court found the allegations alleged in the Motion to Proceed with an Adjudication of Guilt to be true, adjudicated guilt, and assessed punishment at five years' imprisonment.

Petitioner appealed the adjudication of guilt and the Fifth Court of Appeals of Texas affirmed his conviction and sentence on February 22, 2006. Mandate issued May 17, 2006. He did not file a petition for discretionary review. On March 20, 2006, prior to the issuance of mandate by the Fifth Court of Appeals, Petitioner filed a state habeas petition challenging his conviction. The Texas Court of Criminal Appeals dismissed the state habeas petition on November 22, 2006, because Petitioner's direct appeal was still pending.

Petitioner filed his federal habeas petition on January 23, 2007.

## PETITIONER'S ALLEGATIONS

Petitioner's federal habeas petition challenges the non-jury trial, the entry of his *nolo contendere* plea, and deferred adjudication proceedings held in September of 2001. Specifically, he alleges:

(1) he was denied his right to a trial by jury;

(2) the prosecution breached the plea agreement when it failed to recommend that he receive two years' community supervision;

(3) the evidence was insufficient;

(4) his attorney was ineffective;

(5) the trial court committed error when the court did not ask him if his *nolo contendere* plea was pursuant to a plea agreement;

(6) he was denied his right to appeal; and

(7) the indictment was defective.

Petitioner does not raise any issues challenging the revocation and adjudication of guilt proceedings.

## STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of the Act substantially changed the way federal courts handle habeas corpus

actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, --- U.S. ---, 127 S.Ct. 431, 166 L.Ed.2d 301 (2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication following a plea is a final judgment under § 2244(d)(1)(A) upon the expiration of time for seeking direct review of such order. The Court noted that under Texas law, a defendant is required to file a notice of appeal within 30 days from the date the sentence is imposed or suspended. *Id.* at 530.

Because Petitioner did not appeal, his deferred adjudication probation became final on October 15, 2001, thirty days after he entered a plea of *nolo contendere* and the court deferred adjudication of guilt and placed him on five years' deferred adjudication probation. The one-year limitations period began to run on October 16, 2001, and expired one year later. Petitioner did not file his federal habeas petition until January 2007.

Petitioner's state habeas petition does not toll the limitations period because it was not filed until March of 2006, well after the limitations period expired. Further the Court finds that no conditions exist for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.

4

2000) (ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration prior to AEDPA's passage, illiteracy, deafness, lack of legal training, and actual innocence claims do not support equitable tolling of the AEDPA statute of limitations).

## RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

**SIGNED this 16th day of January, 2008.**

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                          IRMA CARRILLO RAMIREZ
                                          UNITED STATES MAGISTRATE JUDGE